**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 14-4062**

---

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

  v.

REGINALD GREGORY GRANT,

    Defendant - Appellant.

---

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Thomas D. Schroeder, District Judge.  (1:13-cr-00112-TDS-1)

---

Submitted:  July 22, 2014      Decided:  August 6, 2014

---

Before KING, KEENAN, and FLOYD, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Benjamin D. Porter, MORROW PORTER VERMITSKY FOWLER & TAYLOR, PLLC, Winston-Salem, North Carolina, for Appellant.  Ripley Rand, United States Attorney, Lisa B. Boggs, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Following his guilty plea to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2012), and possession of counterfeited securities, in violation of 18 U.S.C. § 513(a) (2012),[1] the district court sentenced Reginald Gregory Grant to seventy-eight months in prison, which was seven months longer than the high end of Grant's Guidelines range of 57-71 months. In selecting this sentence, the district court departed upward, pursuant to U.S. Sentencing Guidelines Manual ("USSG") § 4A1.3(a) (2013), increasing Grant's criminal history category from V to VI. The Guidelines provide that such a departure may be appropriate "[i]f reliable information indicates that the defendant's criminal history category substantially under-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes." USSG § 4A1.3(a)(1), p.s. In the alternative, the court explained that, absent the § 4A1.3 departure, it would have imposed the same seventy-eight-month sentence as a variance sentence, based on its assessment of the 18 U.S.C. § 3553(a) (2012) factors.

On appeal, Grant argues that the district court committed reversible error in conducting its departure analysis.

---

[1] Grant does not challenge his convictions on appeal.

2

Specifically, Grant claims that the court erroneously relied on improper facts, such as a prior parole revocation; irrelevant facts, such as a lie Grant told to the police and Grant's lack of legitimate employment history; and facts already adequately accounted for in calculating Grant's adjusted offense level, such as the loss amount and the number of victims. Grant maintains that there was only one permissible basis for the § 4A1.3 upward departure — that criminal charges were pending against him at the time he committed the underlying offense — and advances that resentencing is warranted because the court identified these other reasons for the departure. Building on this argument, Grant next complains that the court did not provide notice of its intent to rely on these additional bases for the departure.

For the following reasons, we conclude that neither argument has merit. Accordingly, we affirm the judgment.

We review any criminal sentence, "whether inside, just outside, or significantly outside the Guidelines range," for reasonableness, "under a deferential abuse-of-discretion standard." United States v. King, 673 F.3d 274, 283 (4th Cir. 2012); see Gall v. United States, 552 U.S. 38, 46, 51 (2007). When the district court imposes a departure or variance sentence, this court considers "whether the sentencing court acted reasonably both with respect to its decision to impose

3

such a sentence and with respect to the extent of the divergence from the sentencing range." United States v. Hernandez-Villanueva, 473 F.3d 118, 123 (4th Cir. 2007). The district court "has flexibility in fashioning a sentence outside of the Guidelines range," and need only "'set forth enough to satisfy the appellate court that it has considered the parties' arguments and has a reasoned basis'" for its decision. United States v. Diosdado-Star, 630 F.3d 359, 364 (4th Cir. 2011) (quoting Rita v. United States, 551 U.S. 338, 356 (2007)) (alteration omitted).

Here, the court explained that its decision to upwardly depart from criminal history category V to category VI was appropriate because Grant's history of theft and forgery, coupled with his undeterred recidivism, established that criminal history category V underrepresented the likelihood that Grant would reoffend. On this point, the court emphasized that Grant committed these crimes despite the fact that other charges were pending against him, as well as Grant's parole revocation, recurrent avoidance of supervision, and bail jumping.

On appeal, Grant maintains that the court erred in predicating its departure decision on these facts, as well as his false statement to the police and the nature of the underlying offense. But Grant's historical failure to abide by the terms of his supervision, be it probation or parole, was

plainly relevant to his likelihood to recidivate, which was at the heart of the § 4A1.3(a)(1) departure. See United States v. Lucas, 542 F. App'x 283, 288 (4th Cir. 2013) (unpublished after argument) (upholding as reasonable § 4A1.3 departure based, in part, on parole violations), cert. denied, 134 S. Ct. 1349 (2014). We further note that Grant's ready willingness to tell the police an elaborate lie, despite being caught red-handed, was similarly germane to this issue.

Next, Grant is correct in that the district court expressed its concern about the nature and scope of his fraudulent activities prior to resolving the departure issue. But we cannot agree that these statements brought the court's departure analysis outside the purview of § 4A1.3. To the contrary, the record reflects that these statements, which book-ended the departure analysis, simply provided context for the court's overarching conclusion that a within-Guidelines sentence was insufficient in this case. The court's subsequent alternative variance analysis makes this abundantly clear.[2]

Thus, we conclude that the articulated basis for the departure in this case was proper. The court rooted its departure decision in policy concerns taken directly from USSG § 4A1.3 and its commentary — particularly, that Grant committed

---

[2] This alternative analysis is not challenged on appeal.

5

the underlying offense while felony forgery charges were pending against him. The record demonstrates that the court was primarily concerned with deterrence, as Grant's criminal record evidenced that he was unwilling to conform his conduct to the law or avail himself of the leniency previously afforded him. We thus affirm this departure sentence as reasonable. <u>See</u> <u>United States v. Myers</u>, 589 F.3d 117, 125-26 (4th Cir. 2009) (affirming reasonableness of § 4A1.3 upward departure based on totality of defendant's "past criminal conduct and threat of recidivism," which was evident in lack of rehabilitation despite prior period of incarceration).

Our eschewal of Grant's first argument necessitates our rejection of his second. Simply put, there was no "other" basis for the court's departure decision, and thus no further notice was necessary.

For these reasons, we affirm the criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>

6